STANDARD PACKAGING CORPORA-
TION, a corporation, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. No. 3-58-398.

United States District Court
D. Minnesota,
Third Division.

Sept. 18, 1961.

Oppenheimer, Hodgson, Brown, Baer & Wolff, by John G. Robertson and James R. Oppenheimer, St. Paul, Minn., for plaintiff.

Miles W. Lord, U. S. Atty., Minneapolis, Minn., and John J. Connelly, Asst. U. S. Atty., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This proceeding (originally brought by Brown & Bigelow, a corporation, which later merged with the above-named plaintiff) was commenced to recover a refund of taxes paid to the Collector of Internal Revenue in the sum of $16,500 with interest. The complaint alleges two causes of action of identical issues.

The material facts have been stipulated. It appears therefrom that pursuant to resolution adopted by plaintiff's Board of Directors on April 29, 1952, agreements were entered into by plaintiff with certain insurance companies on April 30, 1952, for the purpose of issuing to them written instruments designated as plaintiff's "4¼% Sinking Fund Debentures," due April 1, 1967, and as follows:

| | |
|---|---|
| Massachusetts Mutual Life Insurance Company | $3,000,000 |
| New England Mutual Life Insurance Company | 2,000,000 |
| Provident Mutual Life Insurance Company | 1,750,000 |
| State Mutual Life Insurance Company of Worcester | 750,000 |

On or about May 5, 1952, plaintiff obtained from said insurance companies the respective amounts set forth above, and thereupon issued to each respectively an instrument representing an obligation of the plaintiff which was designated on its face to be a "Debenture."

In each instance the "Debenture" was issued and subject to an underlying agreement in the designated form of an "Indenture," dated April 1, 1952; was initially issued in the name of the insurance company in fully registered form without coupons and under the corporate seal of the plaintiff; was printed on engraved border paper and was serially numbered bearing distinguishing letters and symbols.

Upon completion of the aforesaid transactions, plaintiff affixed to an original counterpart of each "Indenture" documentary revenue stamps in the aggregate amount of $8,250.

On or about May 2, 1956, plaintiff filed a claim for refund of the stamp taxes in the office of the District Director of Internal Revenue in St. Paul, Minnesota, which claim was disallowed and plaintiff notified thereof, and more than six months have elapsed since the filing of said claim.

In 1955 plaintiff issued further written instruments to the aforementioned insurance companies in the same respective amounts and affixed documentary revenue stamps in the same aggregate amount $8,250. The second series of transactions is identical to the first series described herein in every detail except as to date.

The questions for decision are these: (1) Were the instruments here involved "certificates of indebtedness issued by a corporation" subject to tax under Sections 4311 and 4381(a) of the Internal Revenue Code of 1954 [1] or, (2) Are they in the nature of promissory notes upon which no tax is imposed?

Plaintiff contends said instruments "were not debentures" or "marketable securities as that term is generally understood" and hence not subject to the tax imposed by defendant.

Defendant contends that "the instruments in question possess such characteristics as would make them subject to the documentary stamp tax imposed under Section 1801 of the Internal Revenue Code of 1939 [2] and Sections 4311 and 4381 of the Internal Revenue Code of 1954."

■■ At the outset, plaintiff is confronted with two elementary principles of taxation. It is well-settled law that plaintiff has the burden of proof to establish that the instruments were within the definition of promissory notes as defined in the Uniform Negotiable Instruments Act in effect in the State of Minnesota [3] wherein and when these instruments were issued; and, in addition, it has long been established that "the finding of the Commissioner is presumptively correct." [4] Has that burden been carried and the presumption overcome by plaintiff?

■■ Solution of the problem may be found in the rule that taxation is concerned with substance rather than formalities. The substance of the transaction as evidenced by the document and not the label is the controlling factor.[5] It is the law that "the liability of an instrument to a stamp duty, as well as the amount of such duty, is determined by the form and face of the instrument, and cannot be affected by proof of facts outside of the instrument itself." [6]

■ The stipulated facts provide:

"In each case, the 'Debenture' was issued under and subject to an underlying agreement in the designated form of an 'Indenture', dated July 1, 1955; was initially issued in the name of the insurance company in fully registered form without coupons and under the corporate seal of the plaintiff; was printed on en-

---

1. 26 U.S.C.A. § 4311. "There shall be imposed a tax on all certificates of indebtedness issued by a corporation at the rate of 11 cents on each $100 of face value or fraction thereof."

26 U.S.C.A. § 4381(a). "Certificates of indebtedness.—For purposes of the taxes imposed by sections 4311 and 4331, the term 'certificates of indebtedness' means bonds and debentures; and also includes all instruments, however termed, issued by a corporation with interest coupons or in registered form, known generally as corporate securities."

2. These sections appeared in the Internal Revenue Code of 1939 as §§ 1801 and 1802, respectively, 26 U.S.C.A. §§ 1801, 1802. For purposes of this proceeding, they are identical to said §§ 4311 and 4381.

3. 21 M.S.A. § 335.01 et seq.

4. Welch v. Helvering, 290 U.S. 111, 54 S. Ct. 8, 78 L.Ed. 212; Meyer v. Commissioner of Internal Revenue, 8 Cir., 243 F. 2d 262, 264, certiorari denied 355 U.S. 862, 78 S.Ct. 94, 2 L.Ed.2d 68; Arkansas-Missouri Power Corporation v. Paschal, 8 Cir., 243 F.2d 584, 588; certiorari denied 355 U.S. 835, 78 S.Ct. 57, 2 L.Ed.2d 47; Gamble-Skogmo, Inc. v. Kelm, D.C. Minn., 112 F.Supp. 872, 874.

5. United States v. Ely & Walker Dry Goods Co., 8 Cir., 201 F.2d 584, 587, 36 A.L.R. 2d 969.

6. United States v. Leslie Salt Co., 350 U.S. 383, 396, 76 S.Ct. 416, 412, 100 L.Ed. 441.

graved border paper; was serially numbered bearing distinguishing letters and symbols."

Mr. Justice Harlan points out the gist of taxability of the subject matter of the instant case in Leslie, 350 U.S. at pages 393 and 394, 76 S.Ct. at pages 422, 423, in these words:

"The essence of an 'investment security' is, of course, marketability * * *."

The Congress has not seen fit to define debentures, bonds, certificates of indebtedness, corporate securities or promissory notes for the purposes of taxation. Lacking such definition, the solution of the problem in the case at bar is found in the rule that "taxation is concerned with substance and not with formalities." [7] This is recognized by the Treasury. [8] What is the substance as distinguished from form in the instant case? The holder of the debentures had the option of requiring registration; they were issued in series and under a trust indenture and with acceleration of maturity in the event of default; and with the provision for certification, the debentures in suit were issued under the corporate seal.

The foregoing undisputed facts, simply and concisely stated, present a difficult question of law for decision by the Court.

Leslie is relied upon to such an extent by plaintiff and defendant that the Court feels warranted to quote extensively from it. [9] Suffice it to say the facts of Leslie are distinguishable from the case at bar. To illustrate: Leslie, at pages 393 and 394 of 35 U.S., at page 422 of 76

S.Ct., emphasizes that "The essence of an 'investment security' is, of course, marketability, and this basic feature the Leslie Salt notes did not have. The Treasury itself has acknowledged that promissory notes lacking this quality have never been taxed as 'certificates of indebtedness', Cum.Bull.1948–2, M.T. 32, p. 160 * * *."

Compare the characteristics of the instruments in suit which are of a type considered marketable.

Let us have recourse to Leslie again and quote therefrom what seems pertinent to the instant case. Mr. Justice Harlan states in part:

"The administrative history of the statute establishes that until 1947, when the General Motors case, [General Motors Acceptance Corp. v. Higgens, 2 Cir., 161 F.2d 593] supra, was decided, only those instruments were considered subject to the 'debenture' tax which were issued (1) in series, (2) under a trust indenture, and (3) in registered form or with coupons attached. In other words, that tax was considered to apply only to marketable corporate securities, as that term is generally understood. * * * (pages 389 and 390 of 350 U.S., at pages 420 and 421 of 76 S.Ct.)

*     *     *     *     *     *

"The term 'certificate of indebtedness' has a similar administrative background. * * * Moreover, it may be observed that in the stamp tax sections of the Internal Revenue

---

7. Note 5, supra.

8. Treasury Regulations 71
   "§ 113.55. Issues Subject to Tax.— *Ordinarily, a corporate instrument styled a bond, debenture, or certificate of indebtedness is subject to the tax.* However, the taxability of an instrument is not determined by the name alone, but depends upon all the circumstances, such as the name, form, and terms of the instrument, etc. Hence, an instrument, however designated, having all the essential characteristics of a bond, debenture, or certificate of indebtedness is taxable as such. Similarly, an instrument issued with interest coupons, or with provision

for registration, and coming within the class known generally as corporate securities will be held subject to the tax regardless of the name by which it may be called."

9. Plaintiff and defendant unite by brief and argument in urging the trial Court to understand that Leslie is decisive of the case at bar as, of course, it must be if applicable to the facts of the case. Unlike Justinian's Commission to Tribonian, this Court must deal with facts as well as the latter's Corpus Juris Civilis. The legal perils are as obvious as Scylla and Charybdis to the ancients if the facts here do not conform to those in Leslie.

Code of 1954 the words 'certificates of indebtedness', consistently with this administrative history, have been eliminated as a separate taxable category of corporate instruments, and are employed simply as a term of art embracing all the instruments taxed, that is, 'bonds,' 'debentures' and other instruments in registered form or with coupons. Internal Revenue Code of 1954 §§ 4311, 4381, 68A Stat. 514, 523, 26 U.S.C. §§ 4311, 4381, 26 U.S.C.A. §§ 4311, 4381.

" * * * As long ago as 1873, this Court said: 'The liability of an instrument to a stamp duty, as well as the amount of such duty, is determined by the form and face of the instrument, and cannot be affected by proof of facts outside of the instrument itself.' United States v. Isham, 17 Wall. 496, 504, 21 L.Ed. 728.

"There are persuasive reasons for construing 'debentures' and 'certificates of indebtedness' in accordance with the Treasury's original interpretation of those terms in this statute's altogether comparable predecessors. In Norwegian Nitrogen Products Co. v. United States, 288 U. S. 294, 315, 53 S.Ct. 350, 358, 77 L. Ed. 796, Mr. Justice Cardozo said:

" 'administrative practice, consistent and generally unchallenged, will not be overturned except for very cogent reasons if the scope of the command is indefinite and doubtful. * * *'" 350 U.S. at pages 393, 395, 396, 76 S.Ct. at pages 422, 423, 424.

Plaintiff's graphic discussion of the differences between the salient features of Leslie and the instant case in support of its contentions as to the character and marketability is quoted from plaintiff's brief as follows:

"A table of 'differences' between the Brown and Bigelow, and the Leslie Salt Co., instruments is as follows:

| Leslie Salt Co. instruments | Brown and Bigelow instruments |
| --- | --- |
| 1. Labeled 'sinking fund promissory notes' | Labeled 'sinking fund debentures' |
| 2. Were not issued under seal | Were issued under seal |
| 3. Were typewritten on ordinary white paper | Were printed on engraved border paper |
| 4. Were not registered in the name of the lenders and were not authenticated by the indenture trustee | Were registered in the name of the lenders and were authenticated by the indenture trustee |
| 5. Were not stated to be negotiable | Were stated to be negotiable although were not made payable to order or bearer" |

---

"Aside from the differences enumerated above," plaintiff argues, "the instruments in the instant case are substantially identical with the instruments in the Leslie Salt Company case."

Do the above recited differences, taken singly or collectively, require a different taxable status than that applied in Leslie?

Plaintiff urges said differences are "inconsequential in law, [that] were in labels rather than content, and were formal rather than substantial." To this, defendant argues "that those differences create precisely what the Supreme Court in Leslie declared to be taxable." They constitute factual characteristics that

added to other evidence subject the instruments to the documentary stamp tax. The questions of fact and law are close.

Based on the record of the instant case has the plaintiff carried its burden of proof and overcome the presumptively correct finding and assessment of the tax here in question? The Court is of the opinion that the record, file and stipulation of facts herein establish the instruments and documents to be of a character that properly subjects them to the tax assessed by the defendant.

Defendant may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Plaintiff may have an exception.