David E. LING and Jo Ann Ling, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 3-60-286.

United States District Court
D. Minnesota,
Third Division.

Dec. 18, 1961.

Stringer, Donnelly & Sharood, by Howard S. Cox, St. Paul, Minn., for plaintiff.

Miles W. Lord, U. S. Atty., Minneapolis, Minn., John T. Piper, Atty., Dept. of Justice, Washington, D. C., for defendant.

DONOVAN, District Judge.

This action was commenced to recover a refund of taxes paid by the plaintiffs to the Commissioner of Internal Revenue and is based upon Section 107 of the Internal Revenue Code of 1954, hereinafter referred to as Section 107.[1]

The material facts have been stipulated. The plaintiffs, David E. Ling and Jo Ann Ling, were and are husband and wife during the entire period of the instant case and are presently residents of Ramsey County, Minnesota.

On April 16, 1956, plaintiffs filed a joint income tax return for the calendar year 1955 reporting adjusted gross income in the sum of $3,691.69 and a tax liability in the sum of $228.44.

On April 18, 1957, plaintiffs filed a joint income tax return for the calendar year 1956 reporting adjusted gross income in the sum of $4,189.94 and a tax liability in the sum of $362.40.

The plaintiff, David E. Ling, was a minister of the gospel during each of the years 1955, 1956 and 1957 within the meaning of Section 107 of the Internal Revenue Code of 1954.

During the years 1955, 1956 and 1957 the plaintiff received certain sums as a part of his compensation from churches in which he was employed as a minister. Said sums were in no way segregated into certain amounts for particular purposes and no part of said sums was designated by official church action by the employing church for rental allowance or for any other purpose prior to January 1, 1958.

Plaintiffs in the years 1955, 1956, and 1957 expended the following amounts to rent or provide a home:

| Year | Amount |
| --- | --- |
| 1955 | $ 855.53 |
| 1956 | $ 892.18 |
| 1957 | $1,204.38 |

On April 13, 1958, by official action of plaintiff's employing church, the amounts of $600.00 for the year 1955 and $700.00 for the years 1956 and 1957 were retroactively designated as rental allowance out of the total compensation paid to the plaintiff for the above years.

On April 11, 1958, plaintiffs filed a joint income tax return for the calendar year 1957 reporting adjusted gross income in the sum of $3,911.45 and a tax liability in the sum of $349.68.

On April 16, 1958, plaintiffs filed an amended return for 1957 showing additional tax due for the year in the sum of $9.74 which was remitted with the return.

Plaintiffs have paid all assessments of tax in full for the taxable years 1955, 1956, and 1957.

On April 13, 1959, plaintiffs filed claims for refund (Form 843) for the taxable years 1955, 1956, and 1957, and on April 4, 1960, plaintiffs filed amended said claims for refund (Form 843) for the taxable years 1956 and 1957.

The instant action is based upon the original claim for refund filed for the calendar year 1955 and the two amended claims for refund filed for the calendar

1. 28 U.S.C.A. § 1346(a).

years 1956 and 1957. The amounts claimed for said years are as follows:

| Year | Amount |
|------|--------|
| 1955 | $120.00 |
| 1956 | $185.57 |
| 1957 | $217.67 |

The claim for refund for 1955 was never officially acted upon, and the amended claims for refund for the years 1956 and 1957 were officially disallowed by registered notices dated November 1, 1960.

The sole issue for determination by the Court is whether or not the regulations issued by the Commissioner under Section 107 of the 1954 Internal Revenue Code are valid and applicable. A determination by this Court that these regulations are valid and enforceable will necessarily preclude recovery by plaintiffs in this action since it is undisputed that plaintiff's employer failed to comply with the regulations.[2]

Plaintiffs contend that the regulation quoted in footnote 2 discriminates against them.[3] Plaintiffs further contend that the Commissioner has exceeded his authority by promulgating the quoted regulation for the reason that Section 107 is easily understood and requires no administrative interpretation.[4]

Defendant contends that the regulation referred to is valid for the reason that if Congress had intended that there be no distinction between ministers in applying the rental exclusion, it could easily have said so. Defendant further contends that Section 107 standing alone precludes plaintiffs from recovery without the aid of said regulation.[5]

It will be helpful at this point to review some general principles with respect to administrative regulations. The power of an administrative officer to administer a federal statute is the power to adopt regulations to carry into effect the will of Congress as expressed by the statute.[6] Treasury regulations must be sustained unless they are unreasonable and plainly inconsistent with the revenue statutes.[7] Furthermore, in the absence of a controlling court decision, a regulation which is promulgated in connection with an applicable statute is given weight akin to the force of law, and will not be ignored unless it opposes the clear import of the statutory language.[8]

It is evident from the above principles that in order to determine the validity of the Commissioner's regulations issued under Section 107, it is necessary to determine whether they are reasonable and consistent with the will of Congress as

2. Treasury Regulations set forth in 26 C.F.R. Section 1.107–1(b) provide as follows:

"(b) * * * The term 'rental allowance' means an amount paid to a minister to rent or otherwise provide a home if such amount is designated as rental allowance pursuant to official action taken prior to January 1, 1958, by the employing church or other qualified organization, or if such amount is designated as rental allowance pursuant to official action taken in advance of such payment by the employing church or other qualified organization when paid after December 31, 1957. * * * "

3. Citing: Senate Finance Committee Report accompanying H.R. 8300.

4. Plaintiffs cite: Sims v. United States, 4 Cir., 252 F.2d 434; Slough v. Commissioner of Internal Revenue, 6 Cir., 147 F.2d 836, 839.

5. Burnet v. Chicago Portrait Co., 285 U.S. 1, 76 L.Ed. 587, 52 S.Ct. 275; Mertens Law of Federal Taxation, Volume I, Section 3.21.

6. Manhattan General E. Co. v. Commissioner of Int. Rev., 297 U.S. 129, 56 S. Ct. 397, 80 L.Ed. 528.

7. Commissioner of Int. Rev. v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831. See also: Bingham's Trust v. Commissioner of Internal Revenue, 325 U.S. 365, 377, 65 S.Ct. 1232, 89 L.Ed. 1670, 163 A.L.R. 1175; Fawcus Machine Co. v. United States, 282 U.S. 375, 378, 51 S.Ct. 144, 75 L.Ed. 397; Hart-Bartlett-Sturtevant G. Co. v. Commissioner of I. R., 8 Cir., 182 F.2d 153, 158.

8. Koshland v. Helvering, 298 U.S. 441, 56 S.Ct. 767, 80 L.Ed. 1268, 105 A.L.R. 756; Becker v. Anheuser-Busch, Inc., 8 Cir., 120 F.2d 403.

expressed by the statute. This requires an examination of the language used in Section 107 with a view to ascertaining the intent of Congress with respect thereto.

Section 107 provides an exclusion from gross income of the "rental allowance" paid to a minister as part of his compensation. A reasonable interpretation of this section clearly indicates that Congress intended that the maximum amount which a minister may exclude from income is the "rental allowance" received by him.[9] Since Congress has placed this limitation on the exclusion, it is not unreasonable to assume that it intended the amount of this limitation to be ascertainable by the Commissioner in the administration of said section. This intention of Congress is given effect in the Commissioner's regulations under Section 107 inasmuch as the regulations require the employing church to formally designate the amount paid to the minister as "rental allowance" thereby enabling the Commissioner to determine the maximum exclusion allowable.

■■ It therefore cannot be said that the regulations in question are arbitrary or unreasonable, or that they are in opposition to the import of the statutory language found in Section 107. This conclusion is reached from a reading of Section 107 together with the applicable regulations, bearing in mind the rule that in interpreting a regulation, courts will preferably avoid a construction which raises doubt as to its validity.[10] Treasury regulations should not be overruled except for compelling reasons.[11]

■ In the opinion of the Court, the Commissioner did not exceed his authority in promulgating these regulations, nor did he exceed his authority in establishing a deadline for compliance with the regulations. Such rulings are frequently essential to the orderly administration of any statute and are well within the Commissioner's powers. The regulations were published six months in advance of the deadline for compliance therewith, and this constituted reasonable notice to the employer. The finding of the Commissioner is presumptively correct.[12] This presumption has not been overcome and plaintiffs' burden of proof has not been carried.

In the light of the foregoing, it is determined that the Commissioner's regulations issued under Section 107 are valid and enforceable, and since the employer failed to comply with them within the time allotted, plaintiffs may not recover in this action. Accordingly, judgment must be, and the same hereby is, granted for defendant.

It is so ordered.

Defendant may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Plaintiffs may have an exception.

---

9. In the event that the amount actually expended by the minister to "rent or provide a home" is less than the total "rental allowance" received by him the deduction is limited to the amount so expended. This manifest intent of Section 107 is given effect by the Commissioner's regulations in 26 C.F.R. Section 1.107–1(c), wherein it states:

"(c) A rental allowance must be included in the minister's gross income in the taxable year in which it is received, to the extent that such allowance is not used by him during such taxable year to rent or otherwise provide a home. * * *"

10. Newman v. Commissioner of Internal Revenue, 5 Cir., 76 F.2d 449, 452; Northern Natural Gas Company v. O'Malley, 8 Cir., 277 F.2d 128, 134.

11. Commissioner of Internal Revenue v. South Texas Co., supra; Hart-Bartlett-Sturtevant G. Co. v. Commissioner of I. R., supra.

12. Meyer v. Commissioner of Internal Revenue, 8 Cir., 243 F.2d 262, 264; Standard Packaging Corporation v. United States, Minn., D.C., 197 F.Supp. 788.