RICHARD R. EDEN AND JO ANNE EDEN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3045–62.    Filed January 31, 1964.

*Roland W. Porth*, for the petitioners.
*Bruce C. Hallmark*, for the respondent.

OPINION

The only issue is whether petitioners are entitled to exclude from gross income reported on their Federal income tax returns for 1958, 1959, and 1960, the amounts expended by them for rent and utilities during the respective taxable years in issue under section 107 of the Internal Revenue Code of 1954.[1]

On brief, respondent contends that these amounts are not excludable from gross income under section 107 for the reasons that petitioner was not a "minister of the gospel" as contemplated by that section and that no part of the salary received by petitioner from the Highland Baptist Church was officially designated as a rental allowance within the meaning of section 1.107–1(b) of the Income Tax Regulations. We need not decide whether petitioner was a "minister of the gospel" within the purview of section 107 since the evidence clearly establishes that no part of petitioner's compensation from the Highland Baptist Church for the years in issue was designated as a rental allowance.

Although the question of the absence of any "designation" of a part of petitioner's salary for rental purposes was not specifically mentioned in the notice of deficiency or the pleadings filed, we think the necessity for such a designation is implicit in the phrase "rental allowance" contained in section 107, and it is specifically mentioned as one of the prerequisites for deduction in the regulations promulgated under section 107. Moreover, in his opening statement, respondent referred to the absence of any designation by the church for rental allowance, and, at the trial, albeit over petitioner's objection, offered testimony which clearly establishes that there was no designation by the Highland Baptist Church of any part of petitioner's salary for the taxable years 1958, 1959, and 1960, for rental allowance. We think the question is one which the Court must necessarily determine herein under the statutes and regulations involved.

Section 107 provides that the gross income of a minister of the gospel does not include the rental allowance paid to him as part of his compensation to the extent it is used by him to provide a home.[2]

Income Tax Regulations section 1.107–1(b) provides:

The term "rental allowance" means an amount paid to a minister to rent or otherwise provide a home * * * if such amount is designated as rental allowance pursuant to official action taken in advance of such payment by the employing church or other qualified organization when paid after December 31, 1957. The designation of an amount as rental allowance may be evidenced in an

---

[1] Except as otherwise indicated, all section references hereinafter will refer to the Internal Revenue Code of 1954.

[2] SEC. 107. RENTAL VALUE OF PARSONAGES.

In the case of a minister of the gospel, gross income does not include—

    (1) the rental value of a home furnished to him as part of his compensation ; or

    (2) the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home.

employment contract, in minutes of or in a resolution by a church or other qualified organization or in its budget, or in any other appropriate instrument evidencing such official action. The designation referred to in this paragraph is a sufficient designation if it permits a payment or a part thereof to be identified as a payment of rental allowance as distinguished from salary or other remuneration.

Petitioner himself testified that although he discussed provisions for a rental allowance with the personnel committee prior to his employment by the Highland Baptist Church, to his knowledge no official designation of a part of his salary as a rental allowance was made during the years in issue. The church clerk, who, as such, was custodian of the official records of the church and also a member of the personnel committee, testified that the official records of the church show no designation of an amount of petitioner's salary as a rental allowance prior to the designation of $1,800 as such an allowance in the 1962 budget.

Since no part of petitioner's salary from the Highland Baptist Church was designated as rental allowance, respondent's determination that the amounts expended by petitioners during the years in issue for rent and utilities in providing their home are not excludable from gross income is sustained. Sec. 107, I.R.C. 1954; Income Tax Regs., sec. 1.107–1(b). See *Ling* v. *United States*, 200 F. Supp. 282 (D.C. Minn.).

*Decision will be entered for the respondent.*