CAUTHION T. BOYD, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boyd v. Commissioner
Docket No. 5893-79.
United States Tax Court
T.C. Memo 1981-528; 1981 Tax Ct. Memo LEXIS 208; 42 T.C.M. (CCH) 1136; T.C.M. (RIA) 81528; September 22, 1981. Robert G. Elrod, for the petitioner. Michael J. Rusnak, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies of $ 3,838.92 and $ 4,369.91 in petitioner's Federal income taxes for 1976 and 1977, respectively. The only issue for decision is whether petitioner *209 may exclude from his gross income any amount as a "rental allowance" under section 107(2). [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Cauthion T. Boyd, Jr. (hereinafter petitioner) was a resident of Indianapolis, Ind., when he filed his petition in this case. Petitioner has been an ordained minister in good standing of the Church of God, Anderson, Ind., since 1944. In early 1971, he began working as a chaplain with the Indianapolis Police Department and during 1976 and 1977, the years in issue, served as the senior chaplain. As senior chaplain, petitioner counseled police personnel and their families, contacted and counseled families of persons killed or seriously injured, provided assistance to crime victims, and performed other general ministerial functions. The chaplaincy program at the Indianapolis Police Department was established through the joint efforts of that department and the Church Federation of Greater Indianapolis, Inc. (hereinafter the Federation), an Indiana nonprofit corporation. The Federation *210 is an organization of Christian congregations and denominations in an eight-county metropolitan area, and provides a variety of ministries and social services. [2]
Contained within the Federation is a special ministries unit. In the late 1960's, that unit began working informally with the police department to set up a chaplaincy program. Once agreement was reached as to the roles of the various parties, the Federation Board of Directors and personnel committee selected petitioner as a police chaplain. As previously noted, petitioner began his duties as a police chaplain in early 1971. Originally, petitioner's salary was spaid by the Federation, but with the understanding that the financial burden would, in time, shift to the police department. Accordingly, in mid-1972, the police department began paying petitioner's salary through the regular fiscal processes of the City of Indianapolis. Petitioner was paid $ 15,363.04 and $ 15,527.98 by the City of Indianapolis *211 in 1976 and 1977, respectively. He received no payments from the Federation during those years. While employed as a police chaplain, petitioner was under the direct supervision of the chief of police and the assistant chief of police. However, the Federation retained supervision over petitioner's ecclesiastical performance, and maintained day-to-day contact with petitioner and other chaplains. If a problem arose concerning a police chaplain, a police department official would usually contact the Federation to resolve the matter. Additionally, when a chaplaincy vacancy occurred, the Federation assumed primary responsibility for finding a qualified person to fill that vacancy. Since petitioner was first hired as a police chaplain, the Federation has annually designated, in advance, a specific amount of petitioner's salary as a housing allowance even though petitioner's salary has been paid by the City of Indianapolis since mid-1972. [3] The amounts so designated for 1976 and 1977 were $ 7,843 and $ 8,928, respectively. [4] Petitioner actually expended such amounts during those years to rent or to otherwise provide himself a home. The City of Indianapolis itself neither provided *212 petitioner a home nor designated any portion of petitioner's ssalary as a housing alloance. On his Federal income tax returns filed for 1976 and 1977, petitioner excluded from his income the amount designated by the Federation as a housing allowance for each of those years. In his statutory notice of deficiency, respondent determined that such exclusions were improper. OPINION The issue presented is whether petitioner may exclude from his gross income any amount as a housing allowance under section 107(2). Section 107(2) permits a minister of the gospel to exclude from his gross income the part of his compensation which is a "rental allowance" to the extent he actually uses that allowance to provide himself a home. A "rental allowance" is defined in section 1.107-1(b), Income Tax Regs., as follows: The term "rental allowance" means an amount paid to a minister to rent or otherwise provide a home if such amount is designated * * * as rental *213 allowance pursuant to official action taken in advance of such payment by the employing church or other qualified organization * * *. [Emphasis added.] Thus, a rental allowance must be designated as such to meet the requirements of section 1.107-1(b), Income Tax Regs.
The parties agree that during 1976 and 1977, the years in issue, petitioner performed as a minister of the gospel, see section 1.107-1(a), Income Tax Regs., and that petitioner actually expended the excluded amounts to provide himself a home. See sec. 1.107-1(c), Income Tax Regs. Therefore, we need only decide whether the designation requirement of section 1.107-1(b), Income Tax Regs., was met. Respondent maintains that the Federation's designation of a housing allowance is insufficient, because the City of Indianapolis, not the Federation, was the "employing church or other qualified organization." Petitioner contends that the Federation was a "qualified organization" within the meaning of section 1.107-1(b), Income Tax Regs., and, therefore, a proper designation was made. We agree with petitioner for the reasons below. Section 107(2) was enacted in 1954 to equalize treatment of ministers who *214 received housing in kind, see section 107(1), and ministers who received housing allowances. See S. Rept. No. 1622, 83d Cong., 2d Sess. 16 (1954); H. Rept. No. 1337, 83d Cong., 2d Sess. 15 (1954). While neither the statute nor the legislative history expressly requires that housing allowances be designated as such, the section 1.107-1(b), Income Tax Regs., designation requirement has been upheld as an element necessary for respondent to ascertain the allowance amount. Ling v. United States, 200 F. Supp. 282 (D. Minn. 1961). See also Boyer v. Commissioner, 69 T.C. 521, 533-534 (1977); Eden v. Commissioner, 41 T.C. 605, 607 (1964). In fact, section 1.107-1(b), Income Tax Regs., itself provides that a designation is sufficient if it permits identification of a payment as a housing allowance. In this case, petitioner worked under the supervision of both the Indianapolis Police Department and the Federation, although, during the years in issue, his salary was paid by the City of Indianapolis. Respondent reads section 1.107-1(b), Income Tax Regs., very narrowly to require designation by the actual salary payor. We find that such a *215 reading is neither required by the statute nor necessary to fulfill the purpose of that regulation--ascertainment of the housing allowance amount. We are not faced with the situation presented in Boyer v. Commissioner, supra, where the Northern Illinois Annual Conference of the United Methodist Church provided a general designation of $ 2,400 as a housing allowance for all its ministers for which an allowance had not otherwise been designated. We held that such a general designation was insufficient, and a personal designation was required. In this case, the Federation made a designation for petitioner as an individual, and the designations for other chaplains varied. Nor are we dealing with a case where no effort at designation was made, see Eden v. Commissioner, supra, or where the designation arguably was made in bad faith. See Marine v. Commissioner, 47 T.C. 609 (1967). Given the constant and detailed involvement of the Federation in the police chaplaincy program, we conclude that the Federation is an "other qualified organization" within the meaning of section 1,107-1(b), Income Tax Regs., and that its designation *216 of a housing allowance for petitioner was sufficient. To require more than what was done in this case would write into the statute what is simply not there either by express language or by implication. To reflect concessions, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise provided, all section references are to the Internal Revenue Code of 1954, as amended.↩
2. Federation members include the American Baptist Church, the Church of God (Anderson, Ind.), the American Lutheran Church, the United Methodist Church, the Roman Catholic Church, and the United Church of Christ.↩
3. Hereinafter, we shall use the terms "housing allowance" and "rental allowance" interchangeably. ↩
4. Separate designations, different in amount, were made for other ministers working under the auspices sof the Federation.↩