KERRY L. KIZER AND DEBORAH M. KIZER, A.K.A. DEBRA M. KIZER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kizer v. Commissioner
Docket No. 24418-90
United States Tax Court
T.C. Memo 1992-584; 1992 Tax Ct. Memo LEXIS 610; 64 T.C.M. (CCH) 961; September 29, 1992, Filed *610 Decision will be entered pursuant to Rule 155. For Petitioners: Charles T. Erion. For Respondent: Roslyn D. Grand. BUCKLEY
BUCKLEY
MEMORANDUM FINDINGS OF FACT AND OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443(b)(3) [1] and Rules 180, 181, and 182. Respondent determined deficiencies in petitioners' Federal income taxes, and additions to tax, as follows: Additions to tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1985
$ 2,138
$ 107
[1]
Additions to tax
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1986
$ 2,557
$ 128
[1]
1987
2,244
112
[1]
After concessions, [2] the primary issue in this case is whether petitioner husband is entitled to exclude any amount from gross income as a parsonage allowance during each *611 of the years at issue. A subsidiary issue is whether petitioners were negligent in regard to their underpayment of tax, if any, in each year. FINDINGS OF FACT Some of the facts have been stipulated, and they, together with exhibits attached to the stipulation, are so found. Petitioners resided at Macon, Georgia, when they timely filed their petition herein. Petitioner Kerry L. Kizer was pastor of the Christian Assembly of God Church (Christian Assembly) in Little Rock, Arkansas, from January through July 21, 1985. *612 Future references to petitioner in the singular refer to Kerry L. Kizer. Sometime in July of 1985, the Northside Assembly of God Church (Northside Assembly or the church), in Macon, Georgia, hired petitioner as pastor. We must decide whether there was a parsonage allowance designation for petitioner at the Northside Assembly. Petitioner received a designated parsonage allowance of $ 6,250 while he was pastor of the Christian Assembly. When he interviewed for the pastoral position at the Northside Assembly in June of 1985, he discussed with various members of the board of directors his compensation package at the Christian Assembly, including the parsonage allowance which he received. This was important to petitioner because he knew that the overall compensation he would be receiving at the Northside Assembly would be less than he received at the Christian Assembly. The Northside Assembly had designated a parsonage allowance of $ 11,000 for petitioner's predecessor (and in later years a greater amount for petitioner and his successor) so the board of directors of Northside Assembly was not unaware of parsonage allowances. The recording secretary of the church, Mr. Mosely, who *613 was new at the position of recording secretary, recalled the discussion between members of the board of directors of the church and petitioner that the parsonage allowance was to be a part of the total compensation package for petitioner, and that the sum total was to be $ 600 per week. When he prepared the minutes of the first board meeting in June concerning petitioner's call to the church, he did not set forth a mention of the housing allowance. Further, when the board met on July 14, 1985, to make the offer to petitioner, he did not set forth in the minutes any information about a parsonage allowance, and it was not his recollection that there was a discussion about the allowance at that time other than that the total compensation was to be $ 600 per week. Northside Assembly did not designate a parsonage allowance for petitioner in the church minutes or in any other church document during the years 1985, 1986, or 1987. Mr. Mosely's recollection of the details of the June meeting, however, is that petitioner inquired as to whether he would receive a parsonage allowance similar to that which he had at the Christian Assembly ($ 6,250), and the response was that he would receive *614 such an allowance. Petitioner's recollection was that he would receive the same allowance as the former pastor of Northside Assembly, $ 10,000 or $ 11,000 to $ 12,000. Another member of the board of directors, Joe de Fore, recollected the discussion about the parsonage allowance and understood that part of petitioner's total compensation consisted of salary, an auto allowance, and a parsonage allowance. Mr. de Fore was unable to remember specific sums. Two other members of the board could remember only that petitioner was to receive $ 600 per week and were unable to remember whether there was to be a parsonage allowance. We hold that petitioner received from Northside Assembly in each of the years in issue a designated parsonage allowance of $ 6,250 per year, the same amount he received at the Christian Assembly. OPINION Petitioners bear the burden of proving respondent's determinations of deficiencies are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Section 107 provides that gross income does not include, in the case of a minister of the Gospel, "the rental allowance paid to him as part of his compensation, to the extent *615 used by him to rent or provide a home." Respondent contends that there was no rental allowance paid to petitioner; petitioner claims to the contrary. Sec. 1.107-1(b), Income Tax Regs., provides that for purposes of section 107 the designation of an amount as rental allowance may be evidenced in an employment contract, in minutes, in a resolution, in a budget, or in any other appropriate instrument evidencing such official action. The designation of rental allowance must be made prior to the payment of such an allowance. We have held that the exclusion is not allowable when the designation requirement is not satisfied. Eden v. Commissioner, 41 T.C. 605 (1964). Our questions for decision, therefore, must be whether the scrivener's error in failing to include information regarding a parsonage allowance in any church document serves to show that the designation did not take place, and if we hold that there was such a designation, the amount of the parsonage allowance. It is clear that there was discussion about a parsonage allowance for petitioner, and that all of the members of the board of directors of Northside Assembly who testified recollected *616 that he was taking a cut in total compensation to come to their church. The recording secretary, the person whose obligation it was to keep the minutes of the various meetings, had a clear recollection of the discussion and thought that petitioner was to receive the same amount as a parsonage allowance that he received at the Christian Assembly. We further note that there would be no particular economic reason for the church not to designate a parsonage allowance, since petitioner's total compensation allowance was fixed at $ 600 per week. The focus of the members of the board of directors who testified was on the total figure to be paid to petitioner as compensation, rather than upon the components such as parsonage allowance that made up that figure. We considered a somewhat similar situation in Libman v. Commissioner, T.C. Memo. 1982-377, where the taxpayer, an ordained rabbi, was hired by the United Jewish Appeal (UJA). In connection with taking the position, Rabbi Libman wrote to an official of the UJA requesting that his salary schedule include an $ 8,400 housing allowance, and the UJA orally granted the taxpayer's request. There was no written *617 employment contract, just as petitioner herein had no written employment contract. We held in Libman that there is no requirement that the parsonage allowance designation be in writing. Rather, we held, the designation requirement is satisfied upon satisfactory proof of official action. We believed the recording secretary, as well as petitioner, in regard to the agreement about a designated parsonage allowance. We found both of them to be credible witnesses. There is some conflict, however, in regard to the precise amount of the allowance. The recording secretary, a member of the board of directors, believed that it was to be the same amount petitioner was receiving from the Christian Assembly, $ 6,250; petitioner believed that it was to be in the same amount as received by his predecessor, about $ 11,000. We hold that the Northside Assembly designated $ 6,250 as a parsonage allowance for petitioner, even though petitioner mistakenly believed it to be the greater amount. Our next consideration is whether petitioners expended the sum of $ 6,250 per year for housing in each of the years at issue. Petitioners have proved the following housing costs incurred during the years *618 at issue while at the Northside Assembly: Year
Housing
Utilities
Total
1985
$ 2,661.16
$   280.39
$ 2,941.55
1986
4,560.00
1,485.58
6,045.58
1987
5,934.26
1,833.40
7,767.66
Petitioners are entitled to exclude, in addition to the conceded amount for the first 7 months of 1985, the additional sum of $ 2,941.55; for 1986, the sum of $ 6,045.58; and for 1987, the sum of $ 6,250. We turn now to the question of negligence. Respondent determined that petitioners were liable for additions to tax for negligence under section 6653(a). Negligence under section 6653(a) is lack of due care, or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determinations that petitioners' underpayments of tax were due to negligence or intentional disregard of rules or regulations is "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337. Petitioners therefore *619 bear the burden of proving that they are not liable for the additions to tax. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972); Enoch v. Commissioner, 57 T.C. 781, 802 (1972). Petitioners have offered no explanation regarding their failure to report the self-employment income received by petitioner Debra Kizer, and, in this posture of the matter, we have no recourse other than to hold them negligent for the year 1987 as they have failed to sustain their burden of proof in that regard. As to the years 1985 and 1986, we believe that petitioners did not act negligently. There is no question that there was a mix-up not known to petitioners regarding the recordkeeping at the church. Further, in regard to the exclusion under section 107 for 1987, here too we hold that petitioners were not negligent insofar as section 6653(a)(1)(B) is concerned, so they are not responsible for an addition to interest due under that section. To give effect to the foregoing and to concessions, Decision will be entered pursuant to Rule 155. Footnotes
1. 50 percent of the interest due on the deficiency.↩
1. Section references are to the Internal Revenue Code in effect for the years at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners concede that petitioner wife failed to include in 1987 income the sum of $ 1,108 received for cleaning services in connection with Northside Church. They also concede that this amount is subject to the tax on self-employment income as well as her reported income of $ 1,050 in 1985. Respondent conceded at trial that petitioners are entitled to exclude 7/12ths of the Christian Assembly parsonage allowance of $ 6,250, and petitioners conceded that they would not claim more than 7/12ths.↩