T.C. Memo. 1998-387


UNITED STATES TAX COURT


KENNETH & LINDA J. LOGIE, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9915-97.                    Filed October 29, 1998.


Linda J. Logie, pro se.

Rebecca T. Hill, and Marion T. Robus, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, Judge:  Respondent determined a deficiency of

$14,322 in petitioners' 1994 Federal income tax and a $2,864

accuracy-related penalty under section 6662(a).

Unless otherwise indicated, all section references are to

the Internal Revenue Code in effect for the year at issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

After a concession by the respondent,[1] the issues remaining for decision are: (1) Whether petitioners may exclude a portion of their income as a parsonage or rental allowance pursuant to section 107(2); (2) whether petitioners are entitled to certain claimed deductions for supplies and utility expenses; (3) whether the issue of additional amounts claimed by petitioners as medical expenses is properly before the Court; (4) whether petitioners are liable for self-employment tax; (5) whether petitioners are liable for tax with respect to receipt of Social Security benefits; and (6) whether petitioners are liable for an accuracy-related penalty under section 6662(a).

## FINDINGS OF FACT

The parties have stipulated some of the facts, which are so found. The stipulation of facts is incorporated herein by this reference. Petitioners are husband and wife who resided in Oakland, California, when they filed their petition.

During the year at issue, petitioner Kenneth Logie (Mr. Logie) was minister and petitioner Linda J. Logie (Mrs. Logie)

---

[1] In the notice of deficiency, respondent determined that petitioners had unreported capital gain in the amount of $20,956 resulting from the sale of certain stock. After taking into account petitioners' cost basis in the stock, respondent conceded prior to trial that petitioners are entitled to a capital loss of $3,673 from this transaction.

was associate minister of the Interdenominational Gospel Chapel in Oakland, California.  The chapel held services five times a week in a rented building in Oakland and had approximately 100 members.

Mr. Logie's Wage and Tax Statement (Form W-2) from the Interdenominational Gospel Chapel for the 1994 tax year listed wage income in the amount of $548 and listed other income in the amount of $4,712, which was described as "Parsonage".  Mrs. Logie's Form W-2 from the Interdenominational Gospel Chapel for the 1994 tax year listed wage income in the amount of $20,276 and listed other income in the amount of $10,000, which was described as "Parsonage".

Petitioners reported their income for 1994 on a joint Form 1040, which showed no tax liability.  Petitioners excluded from gross income those amounts listed and described on their Forms W-2 as "Parsonage", totaling $14,712, and separately deducted this same amount as an adjustment to income.  On the Schedule C attached to their return, petitioners reported a loss of $1,143 from a business described as "Linda Logie Distributor Matol Botanical."  On the Schedule C, petitioners claimed cost of goods sold in the amount of $10,251.  This amount included supplies expenses in the amount of $1,400, which was separately and duplicatively deducted on line 22 of the Schedule C.  Petitioners also claimed on their Schedule C utilities expenses for telephone

use in 1994 in the total amount of $1,396. In addition, petitioners claimed various itemized deductions, including medical and dental expenses in the amount of $11,976.

During 1994, Mr. Logie received $6,445 in Social Security benefits. Petitioners did not report any Social Security benefits on their 1994 return. Petitioners paid no self-employment tax on the compensation paid to them by the Interdenominational Gospel Chapel.

Respondent issued a notice of deficiency determining a deficiency in petitioners' joint Federal income taxes in the amount of $14,322 for 1994. In the notice of deficiency, respondent disallowed both the exclusion from income and the adjustment to income for the claimed parsonage allowance. Respondent disallowed the duplicative Schedule C deduction for supplies expense in the amount of $1,400. Respondent also disallowed $1,102 of the total $1,396 petitioners claimed as Schedule C deductions for telephone expenses, on grounds that petitioners failed to show that the amount disallowed was not a personal expense. Respondent did not challenge petitioners' claimed medical and dental expenses or other itemized deductions.

Respondent also determined a deficiency in petitioners' self-employment taxes for 1994 in the amount of $5,213, and allowed a corresponding income tax deduction in the amount of $2,607. In addition, respondent determined that petitioners were

liable for tax with respect to $5,478 received as Social Security benefits.

Respondent further determined that petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) of $2,864 for 1994.

OPINION

Parsonage Allowance

Section 107(2) provides that the gross income of a minister does not include "the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home".  As a prerequisite for this exclusion, the taxpayer must establish that there was designation of the rental allowance pursuant to official church action before payment.  Sec. 1.107-1(b), Income Tax Regs.  The regulations state in pertinent part:

> The term "rental allowance" means an amount paid to a minister to rent or otherwise provide a home if such amount is designated as rental allowance pursuant to official action taken * * * in advance of such payment by the employing church or other qualified organization when paid after December 31, 1957.  The designation of an amount as rental allowance may be evidenced in an employment contract, in minutes of or in a resolution by a church or other qualified organization or in its budget, or in any other appropriate instrument evidencing such official action.  The designation referred to in this paragraph is a sufficient designation if it permits a payment or a part thereof to be identified as a payment of rental allowance as distinguished from salary or other remuneration.

Respondent does not contest petitioners' status as "ministers" under section 107(2); rather, respondent argues that the claimed parsonage allowances were not properly designated in accordance with the applicable regulations.  Petitioners bear the

burden of proving that the amounts at issue were properly designated as a rental allowance by official church action before payment. See Rule 142(a). The record is devoid of any such evidence.[2] To the extent it addresses this issue, Mrs. Logie's testimony suggests that the characterization of part of petitioners' income as parsonage allowances was an afterthought.[3]

Accordingly, we sustain respondent's determinations with respect to the amounts claimed as parsonage allowances. See Boyer v. Commissioner, 69 T.C. 521, 533 (1977); Eden v. Commissioner, 41 T.C. 605, 607 (1964).

Schedule C Deductions

Respondent disallowed a duplicative $1,400 deduction for supplies expenses and disallowed $1,102 of claimed telephone expenses as being personal in nature. The Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Although petitioners' brief alludes in its statement of facts to respondent's disallowance of these claimed Schedule C expenses,

---

[2] Petitioners' W-2 forms do not constitute substantiation in this regard because, among other reasons, they were issued after the payments were made.

[3] Mrs. Logie testified that she had "been researching the Internal Revenue Code and * * * read about the housing allowance" and felt it "would be unjust and unfair not to include that as part of" their joint Federal income tax return.

petitioners failed to discuss this issue either at trial or on brief, and offered no evidence with respect to this issue.

Accordingly, we sustain respondent's determination with respect to the disallowed Schedule C deductions.

## Medical Expenses

On their 1994 joint Federal income tax return, petitioners claimed itemized deductions of $11,976 for medical and dental expenses. Respondent made no adjustment to this amount in the notice of deficiency. At trial, petitioners claimed they were entitled to additional medical expenses in the amount of $6,490 for hearing aids.

Petitioners failed to raise this issue in either their original or amended petitions. Furthermore, petitioners have never requested leave to amend their pleadings. Petitioners had ample time to file such a motion, and although petitioners are pro se litigants, they are familiar with this Court's rules and procedures. For example, on April 2, 1998, just 11 days before trial, petitioners filed a motion for leave to file a second amended petition in order to raise additional arguments. The Court granted that motion on April 7, 1998. Petitioners did not raise the issue of increased medical deductions in that motion, but waited until the trial.

The purpose of the pleadings is to give the parties and the Court fair notice of the matters in controversy and the basis for

their respective positions.  Rule 31(a).  It is well settled that this Court ordinarily will not consider issues that have not been pleaded.  See <u>Estate of Mandels v. Commissioner</u>, 64 T.C. 61, 73 (1975); <u>Estate of Horvath v. Commissioner</u>, 59 T.C. 551, 556 (1973).  An issue is not properly raised unless the opposing party is given fair notice and is not surprised or put at a substantial disadvantage.  <u>Markwardt v. Commissioner</u>, 64 T.C. 989, 997 (1975); <u>Estate of Horvath v. Commissioner</u>, <u>supra</u> at 555.

Refusal to consider an issue not raised in the pleadings is particularly proper where the issue is a factual one and where respondent is unaware of petitioners' position until trial. <u>Estate of Mandels v. Commissioner</u>, <u>supra</u> at 73.  In this case, petitioners submitted new medical receipts to respondent the morning of trial.  Respondent did not have an adequate opportunity to evaluate this new issue and petitioners' evidence supporting it.  Petitioners' delay in raising this issue is prejudicial to respondent.  See <u>Russo v. Commissioner</u>, 98 T.C. 28 (1992); <u>O'Rourke v. Commissioner</u>, T.C. Memo. 1990-161.

Accordingly, petitioners' claim of additional medical expenses is not properly before the Court, and we decline to consider it.[4]

---

[4]  Moreover, even if the Court were to consider this issue, the record is insufficient to establish that petitioners are entitled to medical deductions in excess of those claimed on their return.  At trial, petitioners introduced into evidence a

(continued...)

## Self-Employment Tax

Section 1401 provides that a tax shall be imposed on the self-employment income of every individual.  Petitioners have the burden of proving that they are not liable for self-employment taxes.  Rule 142(a).  Petitioners failed to offer any evidence or make any arguments that they are not liable for self-employment taxes.  Consequently, we hold that petitioners are liable for self-employment taxes.

## Social Security Benefits

Section 86 requires that, if a taxpayer's modified adjusted gross income plus one-half of his or her Social Security benefits exceeds a certain base amount, a portion of the taxpayer's Social Security benefits shall be included in taxable income. Petitioners failed to offer any evidence or make any arguments with respect to respondent's determination with respect to this

---

[4](...continued)
mass of materials ostensibly to substantiate the medical and dental expenses claimed on their Form 1040 as filed, as well as the additional amounts claimed at trial for hearing aids.  The materials are not readily susceptible of interpretation or analysis.  One receipt, for example, in the amount of $5,900, does not identify the purpose of the receipt; nor is there proof of payment such as a canceled check.  Other than to contend that they are entitled to additional deductions for hearing aids, petitioners did not testify regarding these alleged expenses or call any witnesses to support their claim to the deductions.  On the basis of this record, the Court is unable to ascertain whether the medical expenses claimed on the return in fact exclude the expenses for hearing aids, or the extent to which any of these items may represent allowable unreimbursed medical expenses under sec. 213.

- 10 -

issue.  Consequently, we hold that petitioners are liable for tax
on Social Security benefits pursuant to section 86.

Accuracy-Related Penalty

Respondent determined that petitioners are liable for an
accuracy-related penalty under section 6662(a) for negligence or
disregard of rules or regulations.  Section 6662(a) imposes a 20-
percent penalty on the portion of an underpayment that is
attributable to negligence or disregard of rules or regulations.
Under section 6662(c), "negligence" includes failure to make a
reasonable attempt to comply with the provisions of the Internal
Revenue Code.  Negligence is a "'lack of due care or failure to
do what a reasonable and ordinarily prudent person would do under
the circumstances.'"  Neely v. Commissioner, 85 T.C. 934, 947
(1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th
Cir. 1967), affg. in part and remanding per curiam 43 T.C. 168
(1964)).  "Disregard" includes careless, reckless, or intentional
disregard of rules or regulations.  Sec. 6662(c).

No penalty shall be imposed if the taxpayer acted in good
faith and there was reasonable cause for the underpayment.  Sec.
6664(c)(1).  The burden is on the taxpayer to prove the
Commissioner's imposition of the penalty is in error.  Luman v.
Commissioner, 79 T.C. 846, 860-861 (1982); Bixby v. Commissioner,
58 T.C. 757 (1972).

The entire underpayment of petitioners' tax was due to negligence or disregard of rules or regulations. On their 1994 joint Federal income tax return, petitioners claimed double tax benefits for parsonage allowances and failed to meet the requirements of section 107. They also claimed a double deduction for certain supplies expenses and claimed an excessive amount for utilities expenses. Petitioners neglected to report benefits received from Social Security. Moreover, petitioners completely disregarded their liability for self-employment tax. Accordingly, respondent's imposition of an accuracy-related penalty under section 6662(a) is sustained.

To reflect the foregoing and the concession made by respondent,

<u>Decision will be entered</u>

<u>under Rule 155</u>.