**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-60

UNITED STATES TAX COURT

RICKY R. WILLIAMS AND PAMELA D. WILLIAMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8499-11S.                    Filed July 22, 2013.

Ricky R. Williams and Pamela D. Williams, pro sese.

<u>L. Katrine Shelton</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.  Pursuant to section 7463(b), the decision to be entered is not

reviewable by any other court, and this opinion shall not be treated as precedent

for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

In a notice of deficiency dated January 6, 2011, respondent determined a deficiency in petitioners' Federal income tax of $24,973 and a section 6662(a) accuracy-related penalty of $4,994 for the 2007 tax year.  After concessions,[1] the issues for decision are:  (1) whether petitioners may exclude a portion of their income as a parsonage or rental allowance pursuant to section 107(2); and (2) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts have been stipulated, and we incorporate the stipulation and the accompanying exhibits by this reference.  Petitioners resided in California when their petition was filed.

---

[1]Petitioners neither addressed at trial nor provided any evidence to support the deductions claimed on Schedule A, Itemized Deductions, and Schedule C, Profit or Loss From Business, that respondent disallowed for tax year 2007. Accordingly, those amounts are deemed conceded by petitioners.  See Rule 149(b).  Further, petitioners neither addressed at trial nor provided any evidence to prove that they did not omit Schedule C income, and this issue is likewise deemed conceded.  See id.; see also Roat v. Commissioner, 847 F.2d 1379, 1383 (9th Cir. 1988).

Ricky R. Williams (petitioner) is an ordained minister with a master's in divinity. He entered into an employment agreement (agreement) with the St. John Missionary Baptist Church (church) in September 2005 under which he became the church's permanent pastor. Under the agreement, petitioner received a starting salary of $80,000 per year. The agreement specified that the church would provide petitioner with a $500 housing allowance for six months from the date petitioner signed the agreement. That six-month period could be extended with a majority vote of approval of the church's Deacon Ministry. The agreement was otherwise silent with respect to a housing allowance.

Petitioners timely filed a joint Federal income tax return for tax year 2007. Petitioners reported Mrs. Williams' income from the Young Men's Christian Association as wages on their return. The church paid petitioner as a contract worker. Consistent with this, petitioner reported his income on Schedule C. Petitioners reported $85,077 in gross receipts on the Schedule C attached to their return and deducted $82,076 in expenses.

The notice of deficiency determined that petitioners had unreported Schedule C gross receipts or sales of $18,256 and disallowed the following deductions for lack of substantiation: (1) Schedule C deductions of $29,989 for business use of home, $14,457 for supplies, and $13,678 for car and truck

expenses and (2) Schedule A deductions of $2,229 for cash contributions. The notice of deficiency also determined a section 6662(a) penalty of $4,994.

On April 11, 2011, petitioners filed the petition, asserting that they had supporting documentation for the amounts reported on their 2007 return. At some point, petitioners submitted to respondent an amended Schedule C, which differed from the Schedule C filed with their return as follows:

### Schedule C

| Income | Original | Amended |
| --- | --- | --- |
| Gross receipts or sales | $85,077 | $101,733 |
| Returns and allowances | --- | 33,126 |
| Gross income | 85,077 | 68,607 |

| Expense | Original | Amended |
| --- | --- | --- |
| Car and truck | $13,678 | $8,514 |
| Depreciation | 2,230 | 3,620 |
| Legal and professional services | 1,506 | 1,000 |
| Supplies | 14,457 | 5,185 |
| Travel | 8,935 | 8,863 |
| Meals and entertainment | 4,829 | 1,155 |

| | | |
|---|---|---|
| Utilities | 6,452 | --- |
| Business use of home | 29,989 | --- |
| Other expenses[1] | --- | 29,355 |

[1]The $29,355 of "other expenses" on the amended Schedule C consists of $18,256 for direct reimbursement, $1,652 for dry cleaning, $53 for equipment purchase, $1,095 for furniture purchase, $1,065 for health care, $492 for Internet, $1,440 for parking and tolls, and $5,302 for other expenses of postage, professional services, repairs and maintenance, robes, and telephone.

The adjustments in the notice of deficiency are based on petitioners' original Schedule C. At trial petitioners did not dispute the adjustments in the notice of deficiency but instead asserted that the $33,126 claimed as "returns and allowances" on the amended Schedule C was a parsonage allowance.

## Discussion

In general, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioners did not allege that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioners bear the burden of proof. See Rule 142(a).

I.  Parsonage Allowance

Compensation for services is generally included in gross income.  Sec. 61(a)(1).  Section 107(2) provides that the gross income of a minister does not include "the rental allowance paid to him as part of his compensation, to the extent used by him to rent or provide a home and to the extent such allowance does not exceed the fair rental value of the home, including furnishings and appurtenances such as a garage, plus the cost of utilities."  As a prerequisite for this exclusion, the taxpayer must establish that there was a designation of the rental allowance pursuant to official church action before payment.  Sec. 1.107-1(b), Income Tax Regs.  The regulations state in pertinent part:

> The term "rental allowance" means an amount paid to a minister to rent or otherwise provide a home if such amount is designated as rental allowance pursuant to official action taken * * * in advance of such payment by the employing church or other qualified organization when paid after December 31, 1957.  The designation of an amount as rental allowance may be evidenced in an employment contract, in minutes of or in a resolution by a church or other qualified organization or in its budget, or in any other appropriate instrument evidencing such official action.  The designation referred to in this paragraph is a sufficient designation if it permits a payment or a part thereof to be identified as a payment of rental allowance as distinguished from salary or other remuneration.

Respondent does not contest petitioner's status as a "minister" under section 107(2); rather, respondent argues that the claimed parsonage allowances were not

properly designated in accordance with the applicable regulations. Petitioners bear the burden of proving that the amounts at issue were properly designated as a rental allowance by official church action before payment. See Rule 142(a).

The employment agreement that petitioner entered into with the church in September 2005 provides that the church would assist petitioner with a $500 per month housing allowance for six months from the date petitioner signed the agreement but does not designate any other amount as a rental allowance. Petitioner did not assert that the six-month period was extended. Petitioner provided a purported second employment agreement at trial. Although the second employment agreement is dated 2005, it was signed by petitioner and the church in 2012. Petitioner asserts that the second agreement was intended to clarify the original employment agreement because the original agreement was a "generic-type layout contract" between petitioner and the church in which "some of the stuff * * * had not been defined". The second employment agreement discusses a parsonage allowance and provides that "Parsonage allowance shall include all cost[s] associated with facilitating a proper living facilities [sic] for the Employee and his family. In short these costs shall include but not [be] limited to: Monthly rental or Mortgage costs, Gardening, Cable TV, Internet Service Costs, Security System Maintenance, Repair[s] and Maintenance, Utilities, Etc."

The original employment agreement does not designate a rental allowance, and the second employment agreement was executed in 2012 and therefore could not designate a rental allowance before payment in 2007. Petitioners have therefore not established that the amounts at issue were properly designated as a rental allowance by official church action before payment. See sec. 1.107-1(b), Income Tax Regs. Accordingly, petitioners have not established that petitioner is entitled to a parsonage allowance. See Boyer v. Commissioner, 69 T.C. 521, 533 (1977); Eden v. Commissioner, 41 T.C. 605, 607 (1964); Logie v. Commissioner, T.C. Memo. 1998-387.

## II. Accuracy-Related Penalty

Respondent determined that petitioners are liable for the accuracy-related penalty under section 6662(a) and (b)(2) for an underpayment attributable to a substantial understatement of income tax with respect to the year in issue.

Section 6662(a) and (b)(2) imposes a penalty equal to 20% of the amount of any underpayment that is due to a substantial understatement of income tax. An individual substantially understates his or her income tax when the understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Respondent has the burden of production with respect to the accuracy-related penalty. See sec. 7491(c).

The underpayment of tax required to be shown on petitioners' 2007 Federal income tax return is due to a substantial understatement of income tax because the understatement exceeds $5,000 and is greater than 10% of the tax required to be shown on the return. See sec. 6662(b)(2), (d)(1); sec. 1.6662-4(b)(1), Income Tax Regs. Respondent's burden of production under section 7491(c) has been satisfied.

The accuracy-related penalty is not imposed, however, with respect to any portion of an underpayment if the taxpayer can establish that he acted with reasonable cause and in good faith with respect to such portion. Sec. 6664(c)(1). The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess the proper tax liability, the knowledge and the experience of the taxpayer, and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioners omitted income from their 2007 Federal income tax return and have not established that they maintained adequate records of the expenses deducted on the return. Though petitioner asserted at trial that the 2007 return was prepared by a return preparer, the 2007 return is signed by petitioners and indicates that it was self-prepared. We understand that petitioners are not tax

experts, but we conclude that they did not act with reasonable cause and in good faith and that they are liable for the accuracy-related penalty under section 6662(a) for taxable year 2007.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.