**F. E. MEYER, Petitioner,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent.**

No. 15650.

United States Court of Appeals
Eighth Circuit.

April 25, 1957.

E. C. Mogren, St. Paul, Minn., for petitioner.

Charles B. E. Freeman, Atty., Dept. of Justice (Charles K. Rice, Asst. Atty. Gen., and Lee A. Jackson, Atty., Dept. of Justice, were with him on the brief), for respondent.

Before GARDNER, Chief Judge, JOHNSEN, Circuit Judge, and DONOVAN, District Judge.

DONOVAN, District Judge.

This is a petition to review a decision of the Tax Court denying a requested redetermination of an alleged deficiency in income tax for the years 1948 and 1949. The deficiency was the result of a disallowance by the Commissioner of a deduction claimed by petitioner in tax returns filed with the Collector of Internal Revenue for the District of Minnesota in the sum of $6340.00 for the year 1949 and of the failure of petitioner to include in his adjusted gross income, interest in the sum of $180 received during the taxable year 1948.

The Tax Court held that the issue raised by the failure to include said interest was abandoned as no evidence was offered by petitioner in support thereof. The record supports this conclusion, and no further reference will be made thereto.

The real issue presented on this appeal concerns the findings of fact and conclusions of the Tax Court sustaining the Commissioner's disallowance of the $6340 deduction claimed by the petitioner.

The simple facts are that petitioner was employed as a clerk by the Northern Pacific Railway Company since 1920 in its rates and associated departments, auditing and tabulating freight receipts. For this purpose his employer rented a tabulating machine from International Business Machine Corporation. The machine would tabulate information by punching small holes in cards. Petitioner by industry and commendable thought was issued a patent December 29, 1922, for a card-punching device that could be attached to and operated on an ordinary typewriter. Functional defects prevented profitable manufacture and marketing, however. From 1922 to 1947, petitioner worked earnestly to improve and market the patented device. With the assistance of a co-worker named Kraft, improvements were made, but financial backing and successful marketing were not forthcoming. During these years he expended sums of money which he listed as a loss deduction in his tax return for 1949 as follows:

| 1926 | Labor on machine | $ 650 |
|---|---|---|
| 1928 | Machine work on machine | 400 |
| 1930 | Labor on machine | 600 |
| | Attorney fees—patent | 1000 |
| 1932 | Machine work on machine | 400 |
| 1937 | Labor on machine | 800 |
| 1938 | Incorporation of Universal Card Punching Machine Corporation | 325 |
| | Prospectus and Report | 950 |
| 1941 | Attorney fees—patent | 300 |
| 1942 | Labor on perfecting and building machine | 915 |
| | | $6340 |

Petitioner contends that during the years 1922 to 1947 he was hopeful of success and that the money expended in his search for improvement of the device should be allowed as a deduction for the reason that he did not abandon the project until 1949. Respondent contends that the loss claimed as a deduction by the petitioner was sustained long prior to the taxable year 1949.

It is obvious from the undisputed facts that the patented machine had become commercially worthless long prior to 1949.

The applicable law and Treasury regulations involved herein read as follows:

"Internal Revenue Code of 1939:

"Sec. 23. Deductions From Gross Income.

"In computing net income there shall be allowed as deductions:

\* \* \* \* \*

"(e) *Losses by Individuals.*—In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—

"(1) if incurred in trade or business; or

"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; \* \* \*

\* \* \* \* \*

**264**

"(26 U.S.C.1952 ed., Sec. 23.)

"Treasury Regulations 111, promulgated under the Internal Revenue Code of 1939:

"Sec. 29.23(e)–1. *Losses by Individuals.*—Losses sustained by individual citizens or residents of the United States and not compensated for by insurance or otherwise are fully deductible if (a) incurred in the taxpayer's trade or business, or (b) incurred in any transaction entered into for profit, * * *

"In general, losses for which an amount may be deducted from gross income must be evidenced by closed and completed transactions, fixed by identifiable events, bona fide and actually sustained during the taxable period for which allowed. Substance and not mere form will govern in determining deductible losses. * * *"

 Suffice it to say that the deduction claimed must be taken in the year in which the loss is met with as evidenced by closed and completed transactions. Shoolman v. Commissioner, 1 Cir., 108 F.2d 987, certiorari denied, 310 U.S. 637, 60 S.Ct. 1080, 84 L.Ed. 1406; Commissioner v. McCarthy, 7 Cir., 129 F.2d 84; San Joaquin Brick Co. v. Commissioner, 9 Cir., 130 F.2d 220. It is well settled that the question of whether property becomes worthless during a particular period of time so as to authorize a deduction for income tax purposes is one of fact. Rand v. Helvering, 8 Cir., 116 F.2d 929, 933, certiorari denied 313 U.S. 594, 61 S.Ct. 1120, 85 L.Ed. 1548. The finding of the Commissioner is presumptively correct. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212.

 Petitioner cites no authority for the points made by him in this court. Petitioner's claim to a deduction is a statutory privilege, and the burden is upon him to prove that the loss is deductible under the statute. In our opinion petitioner has not carried this required burden. Bartlett v. Commissioner, 4 Cir., 114 F.2d 634. We cannot say

that the findings and determination of the Tax Court are not sustained by substantial evidence, and hence they are binding upon us. Rand v. Helvering, supra. This last case was cited by the Government in support of the findings. Whether an administrative body or a court, the principle is the same.

Affirmed.