ESTATE OF MARK E. ARCHER, DECEASED, AMERICAN FLETCHER NATIONAL BANK AND TRUST COMPANY OF INDIANAPOLIS, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Archer v. Commissioner
Docket No. 12011-78.
United States Tax Court
T.C. Memo 1984-57; 1984 Tax Ct. Memo LEXIS 617; 47 T.C.M. (CCH) 1027; T.C.M. (RIA) 84057; February 2, 1984. *617 Petitioner filed its estate tax return after the due date and after the expiration of two extensions of time for filing. On this tax return, petitioner valued its assets as of the alternate valuation date. Held: Petitioner failed to make a valid election to use the alternate valuation date in valuing its assets. Sec. 2032(c), I.R.C. 1954. David J. Allen,Robert C. Hagemier, and Christopher A. Smith, for petitioner. Deborah M. Gehring, for the respondent. CAABOT MEMORANDUM OPINION CHABOT, Judge: Respondent determined a deficiency in Federal estate tax against petitioner in the amount of $17,538.24. After a concession by respondent, the issue for decision is whether petitioner made a valid election under section 2032[1] to value petitioner's assets as of the alternate valuation date. [2] The instant case has been submitted fully stipulated; the stipulation and the stipulated exhibits are incorporated *618 herein by this reference. Petitioner's executor is the American Fletcher National Bank and Trust Company of Indianapolis (hereinafter sometimes referred to as "the Bank"). When the petition in the instant case was filed, the Bank's legal residence and principal office was in Indianapolis, Indiana. When decedent died, on April 7, 1974, he was a resident of Indianapolis. Decedent's will was admitted to probate on April 23, 1974, in Marion County Probate Court, Marion County, Indiana; on the same day, the probate court issued letters testamentary providing that the Bank was the duly qualified and acting executor of petitioner. The due date for filing petitioner's Federal estate tax return was January 7, 1975. The tax return was not filed by then. Instead, on the due date, the Bank filed an application requesting an extension of time, until March 7, 1975, to file the tax return; this request was granted on January 29, 1975. On February 28, 1975, the Bank filed a second application, requesting a further extension, until July 7, 1975; this request was granted on March 12, 1975. On July 2, 1975, the Bank filed a third application, requesting a further extension, until January 1, *619 1976. This application was denied on July 16, 1975, because the total extension of time to file a Federal estate tax return is not to exceed six months. (Sec. 6081(a).) This six-month period expired July 7, 1975. The Bank filed petitioner's Federal estate tax return on August 15, 1975. On this tax return, the Bank valued petitioner's assets using the alternate valuation date. Table 1 shows the fair market values in dispute as of the date of decedent's death and as of the alternate valuation date. Table 1
Alternate
Date of Death
Valuation Date
Schedule B
$459,885.58
$342,109.35
Schedule E
127,537.79
112,698.63
Totals
$587,423.37
$454,807.98
Petitioner maintains that, under the circumstances of the instant case, it should be permitted to elect to value its assets as of the alternate valuation date, even though its tax return was not filed timely. Respondent maintains that petitioner's election was made on an untimely filed tax return and so is invalid. We agree with respondent. In general, a decedent's assets are to be valued for estate tax purposes as of the date decedent's death. (Sec. 2031(a).) [3] The Congress has chosen to permit the executor to elect to value the assets as of the date *620 six months after the date of the decedent's death (sec. 2032(a)(2)), [4] but only if this election is made on a timely filed estate tax return (sec. 2032(c)). [5]
As petitioner acknowledges (although *621 only "arguendo"), an alternate valuation election on an unitmely filed tax return is invalid even if there was reasonable cause for the untimely filing. Estate of Bradley v. Commissioner,511 F.2d 527 (CA6 1975), affg. a Memorandum Opinion of this Court. [6] Petitioner's tax return was not filed timely. It follows that the Bank's election of the alternate valuation date was not valid. Petitioner states on brief that the Bank "experienced untold difficulties in gathering background information concerning some aspects of [decedent's] lifetime financial affairs." On brief, petitioner avers that necessary information was being withheld, "either intentionally or otherwise, * * * by the beneficiaries." These statements on brief do not constitute evidence. Reiff v. Commissioner,77 T.C. 116; 1175 (1981); Evans v. Commissioner,48 T.C. 704, 709 (1967); Rule 143(b), Tax Court Rules of Practice and Procedure. In any event, even if these statements were in evidence, they would not affect the invalidity of the untimely election. Estate of Bradley v. Commissioner,supra.
Petitioner states its basic position to be as follows: The question is not whether reasonable men would *622 consider, in all fairness, the imposition of the penalty for a technical but harmless violation of the provisions of Code Section 7206(i) [sic], but rather, whether the Executor, in making a statement which on its face could be construed as in violation of Code Section 7206(i) [sic], in a return which is filed with substantial omissions for the purpose of preserving the Section 2032 election, should be placed in a position of potential peril as a result. [Emphasis in original.] Petitioner weaves together a series of circumstances under which the Bank might be faced with a dilemma, and then asks us to conclude that the Bank should be allowed to avoid perjuring itself and that the election of the alternate valuation date should be treated as being valid. Firstly, nothing in evidence in the instant case leads us to conclude that fear of committing perjury or of violating section 7206(1) had any causal connection with the Bank's failure to elect the alternate valuation date on a timely filed tax return. Secondly, we are satisfied that, as we stated in Estate of Ryan v. Commissioner,62 T.C. 4, 10 (1974), "the regulations provide a clear and reasonable solution" to the Bank's problem, *623 citing section 20.6081-1(c), Estate Tax Regs. [7] *624 To paraphrase our comments in Estate of Ryan, it is clear that the Bank should have filed the tax return on time, with whatever explanation was appropriate, and then continued to seek the necessary information. Instead, the Bank unilaterally imposed a condition on the filing of the tax return: that the Bank would not file the tax return until the beneficiaries provided it with the necessary information. This refusal by the Bank to carry out its obligations under the Internal Revenue Code was improper. We cannot countenance the Bank's position and we certainly see no reason to give petitioner a benefit not available to others, merely because its executor acted improperly. Thirdly, petitioner's argument about seeking to ignore or modify its legal obligations because of the Bank's fancied fears of criminal liability [8] may fairly be described as frivolous. [9] Petitioner has the obligation to file a timely tax return; the Bank has the obligation to do so on petitioner's behalf. The requests for extension of time to file the tax return implicitly acknowledge this obligation. This obligation is not nullified by the Bank's fears. Reiff v. Commissioner,77 T.C. 1169, 1178-1179; Estate of Ryan v. Commissioner,supra.
We hold for respondent. Because *625 of respondent's concession on another matter, Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect as of the date of decedent's death. ↩
2. The marital deduction adjustment in the notice of deficiency is derivative and depends on our resolution of the issue in dispute.↩
3. SEC. 2031. DEFINITION OF GROSS ESTATE. (a) General.--The value of the gross estate of the decedent shall be determined by including to the extent provided for in this part, the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated. ↩
4. SEC. 2032. ALTERNATE VALUATION. (a) General.--The value of the gross estate may be determined, if the executor so elects, by valuing all the property included in the gross estate as follows: * * * (2) In the case of property not distributed, sold, exchanged, or otherwise disposed of, within 6 months after the decedent's death such property shall be valued as of the date 6 months after the decedent's death. ↩
5. SEC. 2032. ALTERNATE VALUATION. * * * (c) Time of Election.--The election provided for in this section shall be exercised by the executor on his return if filed within the time prescribed by law or before the expiration of any extension of time granted pursuant to law for the filing of the return.↩
6. T.C. Memo. 1974-17↩.
7. Sec. 20.6081-1. Extension of time for filing the return. * * * (c) A return as complete as possible must be filed before the expiration of the extension period granted. The return thus filed will be the return required by section 6018(a) and any tax shown thereon will be the "amount determined by the executor as the tax" referred to in section 6161(a)(2), or the "amount shown as the tax by the taxpayer upon his return" referred to in section 6211(a)(1) (A). The return cannot be amended after the expiration of the extension period although supplemental information may subsequently be filed that may result in a finally determined tax different from the amount shown as the tax by the executor on the return.↩ * * * [Emphasis supplied.]
8. This argument is curiously similar to that presented to this Court from time to time in so-called "protester" cases. See, e.g., Fahy v. Commissioner,T.C. Memo. 1982-37; Babcock v. Commissioner,T.C. Memo. 1981-90, n.2; Kearse v. Commissioner,T.C. Memo. 1976-370↩. 9. See section 6673 as it applies to actions commenced after December 31, 1982.↩