TYM SEAY AND JUDY E. SEAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Seay v. Commissioner
Docket No. 4252-90
United States Tax Court
T.C. Memo 1992-254; 1992 Tax Ct. Memo LEXIS 274; 63 T.C.M. (CCH) 2911; April 30, 1992, Filed *274 Decision will be entered for respondent. William D. Ratliff III, for petitioners. James F. Prothro, for respondent. COLVIN
COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: Respondent determined a deficiency of $ 20,906 for taxable year 1987, and additions to tax for negligence of $ 1,045 under section 6653(a)(1)(A) and 50 percent of the interest due on $ 20,906 under section 6653(a)(1)(B), and for substantial understatement of tax of $ 5,227 under section 6661. The issues for decision are: (1) Whether $ 77,738 in payments received by petitioner from a partnership was a loan. We hold that it was not. (2) Whether termination of petitioner's interest in a partnership in which petitioner had a $ 77,738 negative capital account results in income to petitioner under section 731(a). We hold that it does. (3) Whether petitioners are liable for the addition to tax for negligence under section 6653(a)(1)(A) and (B). We hold that they are. (4) Whether petitioners are liable for the addition to tax for substantial understatement of tax under section 6661. We hold that they are. All references to petitioner in the singular are to Tym Seay. All section *275 references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Petitioners are husband and wife who resided in Aledo, Texas, when they filed their petition. Petitioner completed 2 years of college, during which he took no courses in accounting or income taxation. 1. Avante Homes-Westside
During all times relevant here, petitioner's father, William E. Seay (Bill Seay), was in the homebuilding business. In 1987, Bill Seay was the majority shareholder of Avante Homes, Inc., a Texas corporation. Avante Homes, Inc., was in the home construction business in the Fort Worth, Texas, area. Bill Seay owned 3,000 shares. Petitioner and his sister Kim Seay each owned 300 shares of Avante Homes, Inc., in 1987. From 1976 through 1991, petitioner was an officer of Avante Homes, Inc. During 1987, petitioner was authorized to sign notes for Avante Homes, Inc., and to sign checks of the corporation in Bill Seay's absence. Avante Homes, Inc., entered several different partnerships with individuals to build homes. In general, the role of Avante Homes, Inc., was to provide financial expertise, *276 credit, and advertising, and the role of the individual partner was to oversee construction and sales of the homes. In 1975, Bill Seay formed a partnership, Avante Homes- Mansfield, with his friend Bill Campbell. In 1982, Bill Seay formed a partnership, Avante Homes-Westside, with petitioner. During 1987, petitioner worked as a homebuilder in Fort Worth, Texas. In 1987 he owned a 45-percent interest in the capital, profits, and liabilities of Avante Homes-Westside. The remaining 55 percent of the partnership was owned by Avante Homes, Inc.
Petitioners reported income of $ 78,920 from Avante Homes-Westside on their 1986 tax return. Petitioners reported $ 771 income from the partnership, $ 8,200 in miscellaneous income from Avante Homes, Inc., and $ 12,000 in wages from Avante Homes, Inc., for 1987. 2. Petitioner's Deficit Capital Account
Avante Homes-Westside ceased doing business and the partnership was terminated on or about June 30, 1987. The partnership assets and liabilities were transferred at that time to Avante Homes, Inc. At that time, petitioner's partnership capital account was negative $ 77,738. Petitioner's deficit capital account is reflected on the *277 books of Avante Homes, Inc., for 1987, 1988, and 1989 as a current asset accounts receivable, and not as a note receivable. Petitioner had withdrawn $ 77,738 in excess partner draws as of June 30, 1987, due to the downturn in the Texas homebuilding industry and petitioner's need to obtain income. 3. Treatment of Debt Obligations by Avante Homes, Inc.
Bill Campbell was a partner in the Avante Homes-Mansfield partnership from 1975 until 1988. In 1988 the partnership was dissolved. At that time Bill Campbell had a deficit capital account of approximately $ 66,000. Bill Seay and Bill Campbell negotiated a workout agreement to pay off this debt. Bill Campbell agreed to sell homes for Avante Homes, Inc., for a sales commission and to pay one-half of his commissions earned to Avante Homes, Inc., to repay the debt resulting from his deficit capital account. Bill Campbell's son, Doug Campbell, was a partner with Avante Homes, Inc., in the partnership Avante Homes-Arlington during 1984 and 1985. When Doug Campbell's partnership was dissolved, he owed Avante Homes, Inc., approximately $ 38,000. To date he has made no payments on this amount. There was no workout agreement between *278 Doug Campbell and Avante Homes, Inc.
Bill Seay did not require petitioner to enter a workout agreement to pay off his debt resulting from his deficit capital account to Avante Homes, Inc. Petitioner did not execute an interest bearing, contemporaneous note receivable to Avante Homes, Inc., in the amount of his deficit capital account. To date, petitioner has made no payments to Avante Homes, Inc. His deficit capital account has increased since 1987. As of the time of trial, Avante Homes-Westside, Avante Homes, Inc., and Bill Seay have not taken any legal action to collect the $ 77,738 from petitioner. During the summer of 1991, petitioner was insolvent or had a nominal net worth. At the time of trial he lacked the financial capability to repay $ 77,738 to Avante Homes, Inc.
OPINION Unless otherwise noted, petitioners bear the burden of proof. Rule 142(a). Petitioners assert three theories of this case. First, they claim that the payments to petitioner were not includable in income because they were a loan from the partnership. Second, they argue that petitioner had a continuing liability, and thus the partnership termination does not require recognition of the amount *279 of petitioner's deficit account balance. Third, and in the alternative, they argue that the maximum amount includable in income is $ 21,000 (withdrawals of $ 3,500 times 6 months). For the reasons discussed below, we are not persuaded by any of these theories as applied to the facts of this case. 1. Petitioners' Claim That the Payments Were a Loan
Petitioners argue that a withdrawal of capital from a partnership under an obligation to repay the amount withdrawn does not constitute a distribution subject to section 731 but is instead a loan governed by section 707(a). Rev. Rul. 73-301, 1973-2 C.B. 216; Rev. Rul. 57-318, 1957-2 C.B. 362. Rev. Rul. 73-301, 1973-2 C.B. 216, provides that, for purposes of section 707(a), a loan by a partnership to a partner is considered to have been made only where the partner is under an unconditional and legally enforceable obligation to repay a sum certain at a determinable date. See Mangham v. Commissioner, T.C. Memo. 1980-280. An obligation to repay is recognized as a loan if it is created at the time of the withdrawal of funds from *280 the partnership. Mangham v. Commissioner, supra.
Petitioners argue that petitioner's withdrawals from Avante Homes-Westside in excess of his basis in the partnership represented an unconditional and legally enforceable obligation to repay the excess withdrawals both before and after the termination of Avante Homes-Westside. Petitioners maintain that the inclusion by Avante Homes, Inc. of petitioner's $ 77,738 obligation as an account receivable on its Federal income tax returns for 1987, 1988, and 1989 evidences the continuing nature of the obligation. Bill Seay and petitioner testified that they considered and continue to consider that amount to represent a continuing and legally enforceable obligation of petitioner to Avante Homes, Inc. Petitioner testified that at all times since the termination of Avante Homes-Westside, he has intended to repay Avante Homes, Inc., but that there have been no collection efforts because he has been unable to make any significant payment on his debt to Avante Homes, Inc.
Bill Seay testified that his long-term objective after 1987 was to start another homebuilding partnership in which Tym Seay and Doug Campbell, Bill *281 Campbell's son, could work and pay back moneys they owed Avante Homes, Inc.
We find that Bill Seay's actions belie the contention that the moneys advanced to petitioner were loans. Petitioner withdrew $ 77,738 in partnership funds from Avante Homes-Westside as of June 30, 1987. There was no note or other instrument showing petitioner's obligation to repay his deficit capital account. Neither Avante Homes Inc., the transferee of the partnership's assets and liabilities, nor Bill Seay has taken legal action to collect the $ 77,738 withdrawn by petitioner from the partnership. Bill Seay treated his son differently than he treated Bill Campbell. He imposed a workout agreement on Bill Campbell, under which Bill Campbell agreed to repay his debt to the corporation by paying one-half of his sales commissions to Avante Homes, Inc. In view of the different treatment afforded petitioner and Bill Campbell, and the absence of any evidence establishing a legally enforceable obligation of petitioner, we find that the $ 77,738 distribution was not a loan from the partnership within section 707(a). 2. Petitioner's Cash Withdrawals in Excess of Basis
We next consider whether petitioner *282 must recognize gain under section 731(a) because of his cash distribution from Avante Homes-Westside. Section 731(a) provides that a partner recognizes gain from a distribution by a partnership to the extent the amount of any money distributed exceeds the adjusted basis of the partner's interest in the partnership immediately before the distribution. Any gain or loss recognized under section 731 is considered gain or loss from the sale or exchange of the partnership interest of the distributee partner. The gain or loss on the constructive sale or exchange is then treated as gain or loss from the sale or exchange of a capital asset to the extent provided by section 741. [1]
*283 Transactions that fall under section 741 are capital transactions. La Rue v. Commissioner, 90 T.C. 465, 485 (1988). This Court has so concluded as to both abandonments and liquidations of partnership interests. O'Brien v. Commissioner, 77 T.C. 113 (1981); Pietz v. Commissioner, 59 T.C. 207 (1972); Stilwell v. Commissioner, 46 T.C. 247 (1966). In light of the foregoing, we conclude that the distributions were distributions from the partnership within the meaning of section 731(a). 3. Petitioner's Claim of Continued Liability
Petitioners cite Hirsch v. Commissioner, T.C. Memo. 1984-52, for the proposition that the termination of Avante Homes-Westside does not require petitioners to recognize income in an amount equal to petitioner's deficit capital account balance. We believe the facts of Hirsch v. Commissioner, supra, are distinguished from those in the instant case. In Hirsch, the taxpayer-partner made a written assignment of his entire interest in the partnership, in which he had a negative capital account, to another partner. The Court *284 found that under the terms of the assignment, the taxpayer was not relieved from actual or potential liabilities to third parties to the extent of his deficit balance. Here, there is no evidence that petitioner had any continuing liability after the transfer of his partnership interest to Avante Homes, Inc., because: (1) He testified that he was at no time liable for any of the partnership's debts, and (2) he was not obligated to restore his negative capital account since, as discussed above, the cash distributions from the partnership were not a loan. 4. Amount of Distribution
Petitioners argue that if we find that petitioner's distributions from Avante Homes-Westside in excess of his basis in the partnership are taxable under section 731, then the maximum amount of income which must be recognized by petitioner as a result of distributions to him in 1987 is $ 21,000 ($ 3,500 times 6 months). Petitioner and his father testified that prior to the transfer of his partnership interest in the Avante Homes-Westside partnership in 1987, Tym Seay was drawing $ 3,000 to $ 3,500 per month against his share of the profits of the partnership. Petitioners claim that respondent conceded *285 that any portion of the $ 77,738 capital account deficit attributable to distributions received by petitioner in years prior to 1987 should be included in income in the earlier tax years, not in 1987. Respondent's opening brief notes that any portion of the $ 77,738 capital account deficit attributable to distributions received by petitioner in years prior to 1987 would be included in income in the earlier tax years under section 731. However, respondent contends and we agree, that petitioner has not established his basis in the partnership in 1987, or provided any evidence with respect to distributions prior to 1987. There was testimony that petitioner made cash withdrawals of $ 3,000 to $ 3,500 during the first 6 months of 1987. The partnership presumably kept books and records for accounting purposes which would document petitioner's withdrawals, but none were offered into evidence. We note that the trial testimony of petitioner and his father was inconsistent with their pretrial affidavits. They stated in their pretrial affidavits that petitioner was required by the banks to sign notes as a personal obligor on behalf of the partnership and that all of the partnership's assets *286 and liabilities were transferred to Avante Homes, Inc., when the partnership terminated. In contrast, at trial they testified that petitioner was never personally liable on any partnership bank note and that the partnership had no assets or liabilities when it terminated. Their facts seemed to change with the changing of their theory. Therefore, the Court has little confidence in their testimony. We further note that petitioner received and reported $ 78,920 in partnership income in 1986. There is no indication that any of the $ 77,738 should have been but was not included in an earlier year. Accordingly, we conclude that the distribution of $ 77,738 exceeded petitioner's basis by that same amount and is includable in income in 1987 pursuant to section 731(a). 5. Negligence
Respondent determined that petitioners are liable for the negligence additions to tax under section 6653(a)(1)(A) and (B). Petitioners contend that they were not negligent and did not intentionally disregard rules and regulations in making their joint return for 1987 and that therefore they are not liable for additions to tax under section 6653(a)(1)(A) and (B). Section 6653(a)(1)(A) imposes an *287 addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1)(B) imposes an additional liability of 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations. Petitioners bear the burden of proving that they acted reasonably, prudently, and with due care in preparing and filing their Federal income tax returns. Neely v. Commissioner, 85 T.C. 934, 947-948 (1985). For purposes of these sections, "Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." Neely v. Commissioner, supra at 947 (citing Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964) and T.C. Memo. 1964-299). Petitioners claim that they were not negligent and are therefore not liable for additions for tax under section 6653(a)(1)(A) and (B). Petitioners contend that petitioner acquired no knowledge *288 relating to Federal income taxation from his association with Avante Homes-Westside or being in the building business. Bill Seay and petitioner testified that they did not consider the termination of Avante Homes-Westside to be a taxable event. Petitioners maintain that the recognition of taxable income by petitioners in 1987 is based on highly technical and complex rules of Federal income taxation, and that a person unsophisticated and uneducated in tax matters such as petitioner could not be expected to know that the distributions to him or the termination of Avante Homes-Westside might give rise to taxable income. Petitioner had a number of years' experience in homebuilding partnerships, having formed the Avante Homes-Westside partnership with Avante Homes, Inc., in 1982. Petitioner and his father were both knowledgeable about the pay arrangements used by the partnership and its history of profit or loss. In view of petitioner's experience with partnerships and petitioner's reporting of partnership income of $ 78,920 on his 1986 return, we believe petitioner was capable of filing a tax return which reflected the correct amount of money that he withdrew from the partnership. *289 Petitioners did not report the $ 77,738 deficit capital account on their joint tax return for 1987, although petitioner acknowledged that he withdrew partnership funds in that amount. Petitioners bear the burden of proving that they were not negligent. Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). We believe that petitioner should have known the distributions were taxable. He used the money to live but did not pay tax on it. Petitioner should have known that this was too good to be true. Accordingly, we find petitioners liable for the additions to the tax for negligence under section 6653(a)(1)(A) and (B). 6. Substantial Understatement of Tax
Section 6661 authorizes an addition to tax when there is a substantial understatement of income tax for a taxable year. Sec. 6661(a). The addition to tax is equal to 25 percent of the amount of any underpayment attributable to the substantial understatement. Sec. 6661(a). A substantial understatement exists if in any year the amount of the understatement exceeds the greater of 10 percent of the amount required to be shown on the return or $ 5,000. Sec. 6661(b)(1). An understatement, for purposes *290 of this addition to tax, is the amount by which the amount required to be shown on the return exceeds the amount actually shown on the return. Sec. 6661(b)(2); Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989); Woods v. Commissioner, 91 T.C. 88, 94 (1988). If the taxpayer has substantial authority for his tax treatment of any item on the return, the understatement is reduced by the amount attributable thereto. Sec. 6661(b)(2)(B)(i). Similarly, the amount of the understatement is reduced for any item adequately disclosed either on the taxpayer's return or in a statement attached to the return. Sec. 6661(b)(2)(B)(ii); Sec. 1.6661-4(b) and (c), Income Tax Regs. Neither of these exceptions apply here. Petitioners contend that respondent should have waived the addition to tax under section 6661 because they acted with reasonable cause and in good faith in filing their 1987 return. Sec. 6661(c). Petitioners omitted a large deemed cash distribution received from the partnership from their 1987 joint return, and a substantial understatement of income tax thus resulted. The $ 77,738 payment received by petitioners was not disclosed on the *291 joint return. Petitioners have cited no authority for their failure to report that item of income. There is no abuse of discretion by the Commissioner in refusing to waive the addition, and there is no showing of reasonable cause by petitioners for the understatement and that they acted in good faith. Accordingly, respondent's determination as to the section 6661 addition to tax is sustained. Accordingly, Decision will be entered for respondent. Footnotes
1. Section 741 provides: SEC. 741. RECOGNITION AND CHARACTER OF GAIN OR LOSS ON SALE OR EXCHANGE. In the case of a sale or exchange of an interest in a partnership, gain or loss shall be recognized to the transferor partner. Such gain or loss shall be considered as gain or loss from the sale or exchange of a capital asset, except as otherwise provided in section 751 (relating to unrealized receivables and inventory items which have appreciated substantially in value).↩